```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF MICHIGAN
                       SOUTHERN DIVISION - DETROIT
```

IN RE: Mary Fortuna                          Case No. 10-49578
                                             Judge Rhodes
                                             Chapter 13

Mary Fortuna

Plaintiff,
            v.

Chase Home Equity

Defendant,

Christopher M. Carey (P51527)              Adversary No. 10-5088
Gary Boren (P31217)
Dario D. Ianni (P67517)
BOREN & CAREY, P.C.
Attorneys for Debtor(s)
2727 S. Telegraph Road
Dearborn, MI 48124
ecf@borencarey.com
(313) 274-2999

**DEFAULT JUDGMENT**
**DETERMINING THE EXTENT OF LIEN HELD BY CHASE HOME EQUITY**

   This matter having come for hearing before the Court by way of the Plaintiff's Adversary Complaint to determine the extent of lien as claimed by Defendant, The Defendant having been served with the Summons and Complaint, the Defendant having failed or refused to file an Answer to said Complaint or otherwise defend, a Default having been entered by the Court, Plaintiff having filed an Application for Entry of a Default Judgment, Brief in Support of the Application for Entry of Default Judgment, Attorney's Affidavit of Default, which was properly served;

1.   IT IS HEREBY ORDERED that upon completion of the debtor's Chapter 13 plan and the entry of a Chapter 13 discharge order in bankruptcy case number <u>10-49578</u>, mortgage ("Mortgage") dated <u>October 9 2007</u>, covering the following described property ("Property") situated in the <u>City of Royal Oak</u>, County of <u>Oakland</u>, State of <u>Michigan</u>, and further described as follows:

     LOTS 45 AND 46, INCLUDING THE ADJOINING ONE-HALF OF THE VACATED PUBLIC ALLEY, AT THE REAR THEREOF, OF MILLER SUBDIVISION, ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 32, PAGE 23 OF PLATS, OAKLAND COUNTY LAND RECORDS.

     recorded in the <u>Oakland</u> County Register of Deeds on <u>October 28,2007</u>, Liber <u>39714</u>, Page <u>573</u>, will be stripped from the Property and discharged.

2.   IT IS FURTHER ORDERED that upon completion of the debtor's Chapter 13 plan and entry of a Chapter 13 discharge order in bankruptcy case number <u>10-49578</u>, the debtor may record a certified copy of this order, with a copy of the debtor's Chapter 13 discharge order attached, with the

<u>Oakland</u> County Register of Deeds, which will constitute and effectuate the discharge of Mortgage.

3. IT IS FURTHER ORDERED that if the debtor fails to complete the debtor's Chapter 13 plan and obtain a Chapter 13 discharge order in bankruptcy case number <u>10-49578</u>, this order does not affect the validity or enforceability of the Mortgage and may not be used in any subsequent bankruptcy case of the debtor either to compel the holder of the Mortgage to execute a discharge of the Mortgage, or to otherwise act as a discharge of the Mortgage.

**Signed on May 26, 2010**

                                              **/s/ Steven Rhodes**
                                      **Steven Rhodes**
                                      **United States Bankruptcy Judge**